## DAVIS v. GEORGE.

[87 South. 274, No. 21633.]

ASSAULT AND BATTERY. *Peremptory instruction for plaintiff on conflicting evidence held erroneous.*

In an action for the recovery of damages for an assault and battery, when the evidence is conflicting as to who was the aggressor in the difficulty, and fails to show that the battery was so excessive or unreasonable as to deprive defendant of the right to defend upon the ground that the difficulty was provoked by plaintiff, a peremptory instruction for plaintiff is erroneous.

APPEAL from circuit court of Tishomingo county.

HON. C. P. LONG, Judge.

Action by D. L. George against M. M. Davis. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Geo. T. Mitchel,* for appellant.

It is my understanding of the law, and I think it is so generally understood that the granting of a peremptory instruction is proper only where there is no testimony tending to make out the opposite party's case. It is surely unnecessary to cite authorities on this proposition. It is well settled that where plaintiff requests a peremptory instruction, the evidence is to be taken most strongly against him. *American Trading Co.* v. *Ingram Day Lbr. Co.,* 110 Miss. 31, 69 So. 707. A multitude of authorities might be cited to this effect, but I deem it unnecessary.

All the testimony for the defendant goes to show that plaintiff struck the first lick at a time when defendant was doing nothing or trying to do anything to him, that defendant did nothing more than any other man would have done under the circumstances, that the battery was not excessive or unreasonable, but that he was simply preventing plaintiff from getting the advantage of him and continuing his assault upon him. I therefore respectfully submit that the granting of the peremptory instruction for plaintiff constituted reversible error. It all was a question for the jury.

I insist that the refusal to grant charge No. 1 asked by defendant constitutes reversible error. That charge is in the following words: "The court charges the jury that if you believe from the evidence that plaintiff, at a time when defendant was doing nothing nor trying to do anything to him, struck defendant the first lick and that defendant as a reasonable man situated as he was, deemed it necessary to strike plaintiff to prevent plaintiff striking him again, then the court says to you that defendant had a perfect

right under the law to strike plaintiff and you will find your verdict for defendant."

It is impossible for me to conceive upon what grounds the court below refused the above instruction. It is certainly the law that if I am doing nothing to a man and trying to do nothing to him, and he strikes me, and that I as a reasonable man situated as I was, deem it necessary to strike my opponent to prevent him striking me again, I was certainly excusable under the law for striking him and he would certainly have no claim against me for damages. The above instruction announced the law applicable to this case and absolutely fits the facts so far as the testimony of witnesses for defendant was concerned.

I therefore respectfully submit that the judgment of the lower court should be reversed and the cause remanded.

No brief found in the record for attorney for appellee.

W. H. COOK, J., delivered the opinion of the court.

This is an action by appellee, D. L. George, against appellant, M. M. Davis, for the recovery of damages alleged to have been sustained by reason of an assault and battery committed upon him by appellant, and from a verdict and judgment for appellee for the sum of one hundred dollars this appeal was prosecuted.

At the conclusion of the testimony the court refused an instruction for appellant, which correctly announced the law applicable to the defense offered, and granted appellee a peremptory instruction for actual damages, and submitted the case to the jury upon the question of punitive damages and for the assessment of damages.

There is a sharp conflict in the testimony as to who was the aggressor in the difficulty. The appellant and a bystander testified that appellee provoked the difficulty, and that, without provocation and without any notice of warning to appellant, he struck the first blow. The testimony fails to show that the battery was so excessive or unreasonable as to deprive appellant of the right to defend upon

the ground that the difficulty was provoked by appellee.
In this state of the record it was error to grant the per-
emptory instruction for appellee, and the cause should
have been submitted to the jury under proper instruc-
tions.

                                *Reversed and remanded.*